USCA1 Opinion

 

 February 16, 1995 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 94-2081 RHODE ISLAND HIGHER EDUCATION ASSISTANCE AUTHORITY, Plaintiff, Appellant, v. RICHARD RILEY, SECRETARY OF EDUCATION, ET AL., Defendants, Appellees. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ _________________________ Before Selya and Boudin, Circuit Judges, ______________ and Carter,* District Judge. ______________ _________________________ Joseph R. Palumbo, Jr. for appellant. ______________________ Neil H. Koslowe, Special Litigation Counsel, Dep't of _________________ Justice, with whom Frank W. Hunger, Assistant Attorney General, _______________ Sheldon Whitehouse, United States Attorney, and William Kanter, __________________ _______________ Deputy Director, were on brief, for appellees. _________________________ _________________________ __________________ *Chief Judge of the United States District Court for the District of Maine, sitting by designation.  Per Curiam. This appeal seeks to test the appropri- Per Curiam. __________ ateness of an order of the Secretary of Education implementing 20 U.S.C. 1072(e) (repealed). Specifically, the contested order involves the Secretary's denial of appellant's request for a waiver that would have shielded it from the consequences of its noncompliance with a particular requirement of the statute. We have read the briefs, perused the voluminous record, entertained oral argument, and studied the applicable law. When all is said and done, we are convinced that, at bottom, this case turns on deference to the Secretary's exercise of informed discretion, and that the Secretary's insistence on the forthright implementation of the statute's "cap" on maximum allowable cash reserves, as exemplified by his denial of appellant's waiver request, is not "arbitrary, capricious, or manifestly contrary to the statute." See Chevron U.S.A. Inc. v. Natural Resources ___ ____________________ __________________ Defense Council, Inc., 467 U.S. 837, 844 (1984). Since no more _____________________ is exigible, the Secretary's ruling must stand. Put another way, the "inescapable conclusion" that appellant's counsel entreats us to draw eludes us (as it did the Secretary and the court below). To go further would serve no useful purpose. We have already written at length about this very situation, see Rhode ___ _____ Island Higher Educ. Assistance Auth. v. Secretary of Educ., 929 _____________________________________ __________________ F.2d 844 (1st Cir. 1991) (vacating earlier district court order and remanding for further proceedings); the Secretary and the district court each dealt creditably with appellant's asseverations in their respective decisions following our 2 original remand; and the appeal, in its present posture, presents no fairly debatable issue of either fact or law. Consequently, we affirm the judgment below for substantially the reasons elucidated in the district court's well-considered rescript. See ___ Rhode Island Higher Educ. Assistance Auth. v. Riley, No. 92- _____________________________________________ _____ 0623L, slip op. at 5-8 (D.R.I. Aug. 19, 1994). Affirmed. See 1st Cir. R. 27.1. Affirmed. See 1st Cir. R. 27.1. ________ ___ 3